**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOANN RUIZ, | No. 11-16162 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-02087-GSA |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding

Argued and Submitted November 7, 2012
San Francisco, California

Before: FARRIS, NOONAN, and BYBEE, Circuit Judges.

Joann Ruiz applied for Supplemental Security Income alleging disability

pursuant to 42 U.S.C. §§ 1381-83(f). The ALJ deciding her case denied her claim,

and the Appeals Council denied review. The district court granted summary

judgment for the Commissioner. Ruiz now appeals. This court reviews de novo the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

district court's affirmance of the Commissioner's denial of benefits. *See Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). We affirm.

The facts are known to the parties. Ruiz raises two issues on appeal. First, she argues that the ALJ erred by rejecting the opinion of an examining doctor in favor of a nonexamining doctor. Second, she argues that the ALJ erred by rejecting the subjective testimony offered by Ruiz and another third party. A third issue alleging error in the ALJ's application of the grids was withdrawn by Ruiz at oral argument.

To reject the opinion of an examining, nontreating doctor in favor of a contradicting, nonexamining, and nontreating doctor, the ALJ must provide specific and legitimate reasons that are supported by substantial record evidence. *See Andrews v. Shalala*, 53 F.3d 1035, 1039, 1043 (9th Cir. 1995). Ruiz argues that only independent clinical evidence can form the specific and legitimate reasons necessary to make such a finding. This is incorrect. Other types of evidence satisfy the burden. *See*, *e.g.*, *id.* at 1043. The ALJ gave five reasons: (1) Ruiz's serial work history, (2) her positive work performance, (3) her demonstrated ability to interact with others, (4) her ongoing social relations, and (5) the uncontroverted fact that the examining doctor did not have access to Ruiz's full medical records. Ruiz concedes the first four findings by not addressing them before the court. Because

2

the nonexamining doctor accepted nearly the entirety of the examining doctor's report, the only matter before this court relates to the examining doctor's conclusion that Ruiz is unable to maintain gainful employment. Here, the ALJ met his burden.

On the second issue, the ALJ must provide clear and convincing reasons to reject Ruiz's testimony. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). The ALJ gave nine reasons: (1) Ruiz's mobility in her arms and legs that contradicts her testimony, (2) her cancellation of a liver biopsy, (3) her failure to provide medical records from Kern Medical Center, (4) her failure to provide medical records to substantiate her alleged falls and difficulty walking, (5) her neurological reports that contradict portions of her testimony, (6) her failure to attend medically recommended alcohol treatment classes, (7) her unremarkable mental exam results, (8) her ongoing social relations that contradict her assertion of social isolation, and (9) her improvement from antidepressant therapy. Here too, Ruiz limits her argument on appeal. Her only challenge relates to the ALJ's conclusions regarding the severity of her mental illness. Assuming arguendo that Ruiz is correct on this matter, the ALJ could still make an adverse credibility determination from the remaining findings that would color all of her testimony.

AFFIRMED.